UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION, Defendant-Appellant, v. STANDARD SHIPBUILDING CORPORATION, Albert Conway, William A. Young, and Alfred A. Stein, as Receivers of the Property of Defendant Standard Shipbuilding Corporation, Defendants-Appellees, and Shooters Island Shipyard Company, Complainant-Appellee. (Circuit Court of Appeals, Third Circuit. February 27, 1925. Rehearing Denied April 7, 1925.) No. 3201. Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge. Walter G. Winne, U. S. Atty., of Hackensack, N. J. (Chauncey G. Parker and John, M. Emery, both of Newark, N. J., of counsel), for appellant. William St. John Tozer and White & Case, all of New York City (Joseph M. Hartfield and Jeremiah M. Evarts, both of New York City, of counsel), for Shooters Island Co. Conover English, of Newark, N. J., for Standard Co. Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The main question in this case concerns the priority of liens of two mortgages given by the Standard Shipbuilding Corporation,—one to Shooters Island Shipyard Company covering after-acquired property and the other to the United States Shipping Board Emergency Fleet Corporation covering the same property. This question is one of law and its solution depends on other questions of law,—whether the mortgage to the Shipping Board, the second in point of time, is a purchase money mortgage or is based on an equitable lien. These questions in turn rest on questions of fact to be decided according as the evidence proves or does not prove that certain large advances of money made by the Fleet Corporation to the Standard Shipbuilding Corporation in the early period of the war were made under an agreement between them that the advances should be secured by a first mortgage and, that pursuant to this agreement negotiations were continuously conducted until finally the mortgage in question was given the Shipping Board for that purpose. The District Court found for the Shipping Board and awarded priority of lien to its mortgage. On appeal this court thought differently and, on an opinion reported in 293 F. 706, was about to issue its mandate reversing the decree below when the Shipping Board appeared and represented that it had newly discovered evidence which, if heard, would compel a different judgment. Hesitatingly this court remanded the case for further proofs. On the remission the newly-acquired evidence was taken. The learned trial judge was of opinion that it did not alter the judgment of this court and entered a decree accordingly. The case is here on the Shipping Board's appeal. We shall not review the testimony, nor shall we do more than say that the new evidence, supplementing the old, fills several gaps which theretofore existed in the record and, quite contrary to what was expected, fortifies the previous judgment of this court by establishing that the mortgage was not given the Shipping Board in pursuance of an agreement to secure the original money advances but to secure further advances with which to finish uncompleted work. The decree below is affirmed.